IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LEAMON THOMAS                                                                           PLAINTIFF

v.                                      CASE No.: 08-2138

LT. CUPP *et al.*                                                                       DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Leamon Henry Thomas, an inmate of the Arkansas Department of Correction in the Randall L. Woods Correctional Facility in Pine Bluff, Arkansas, filed this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, referred this case to the undersigned for the purpose of making a report and recommendation. Now before the Court is the Defendants' Motion for Summary Judgment. ECF No. 34.

**I.    Background**

As this case is before the Court on Defendants' Motion for Summary Judgment, the Court views the facts in a light most favorable to the Plaintiff. Upon inquiry from the Court as to whether Plaintiff would prefer the assistance of the Court in responding to the Motion for Summary Judgment, or if he would respond on his own, Plaintiff chose to respond through a questionnaire propounded by the Court. ECF Nos. 38, 40.

Plaintiff has brought this action against the Defendants, alleging Defendants denied him medical care while he was an inmate in the Crawford County Detention Center. ECF No. 1. Specifically, Plaintiff alleges in his Complaint, *id.*, that he had an appointment scheduled for November 12, 2008, with a doctor outside of the jail, and that appointment was cancelled by Defendant Cupp. Plaintiff alleges he required the doctor's appointment because on October 16, 2008,

he injured his back while assisting deputies at the Crawford County Jail in moving another inmate. *Id.* Plaintiff states he had no training on how to assist in picking up another inmate, he simply did as he was ordered by detention center staff. ECF No. 42. Plaintiff further alleges he told Defendant Cupp about his injury at the time it occurred. ECF No. 1. Moreover, Plaintiff alleged that he requested to see the doctor for eight weeks and did not see the doctor. *Id.* Plaintiff also alleged that his wife brought a money order for $50.00 to the detention center and it was never placed on his commissary account. *Id.*

Defendants assert Plaintiff was seen by the nurse on October 10, 17, and 24, 2008, as well as on November 7, 14, and 21, 2008. ECF No. 35. Plaintiff also is alleged to have been seen on December 5, 11, 20, and 26, 2008, by detention center medical staff and to have been seen by the doctor on December 12, 2008. *Id.* Plaintiff states he does not remember when he saw the nurse, but that the nurse was only at the jail one day a week. ECF No. 42. Plaintiff does not contend these dates are incorrect, but states he is without knowledge to agree or disagree with these dates. *Id.*

Plaintiff alleges he was told by the nurse there was nothing the nurse could do for him to manage his pain, beyond the medications Plaintiff was taking. *Id.* The medication logs reflect that Plaintiff was taking Hydrocodone from October 24, 2008, until October 28, 2008, due to dental work performed while he was an inmate at the detention center. ECF No. 35-F. Plaintiff was also given Propoxy N, a mild narcotic for post-surgical pain relief, from December 12, 2008, until February 2, 2009. *Id.* Naproxen, a pain medication, was prescribed to him from October 10, 2008 to October 12, 2008, and then from October 30, 2008, through November 6, 2008, then again on November 14, 2008, through November 20, 2008. *Id.* Plaintiff prescribed Ibuprofen, at a 800 milligram dose, from November 24, 2008 until February 2, 2009, and received acetaminophen from November 24, 2008

2

until December 6, 2008. *Id.* Finally, the record reflects that from November 25, 2008, until November 30, 2008, Plaintiff received methylprednisone, a pain reliever. *Id.*

Plaintiff alleges he is "permanently injured" as a result of the strain to his back, and that he can not get proper medical treatment, even at the present time. ECF No. 42.

## II.    Applicable Law

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). The Court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir. 1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.   Discussion

### A.    Official Capacity Claims

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* at 24-27. Personal capacity claims, on the other hand, are those which

>allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* at 25-27.

*Gorman*, 152 F.3d at 914.

A review of the complaint in this case shows that Plaintiff did not specify the capacity in which he was suing Defendants. ECF No. 1. Plaintiff did indicate in his response to summary judgment, ECF No. 42, that he was suing the Defendants in both their individual and official capacities. Moreover, the Defendants filed their motion for Summary Judgment on both individual and official capacity grounds. ECF No. 34. Therefore, the Court will construe Plaintiff's Complaint as stating both individual and official capacity claims.

Plaintiff's official capacity claims are tantamount to suing Crawford County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell*, 436 U.S. at 690-91.

When asked to describe the custom, policy or practice of Crawford County that denied him his constitutional rights, Plaintiff replied "8th Amendment violation by denial or delayed medical care" and "8th Amendment violation by sleeping by toilet facilities on floor with deficient mat[t]ress." ECF No. 42.

Clearly, such a conclusory allegation can not sustain an official-capacity claim. Plaintiff has not advanced any policy of Crawford County which resulted in him being denied medical care.

4

Moreover, regarding his claim he was forced to sleep by toilet facilities and with a deficient mattress, Plaintiff has failed to not only advance a custom, policy, or practice of Crawford County, but also to allege any harm from any such policy.

A plaintiff must show a direct causal link, indicating that the policy or custom is "the moving force [behind] the constitutional violation," *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir.1999) (*citing Monell*, 436 U.S. at 694). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir.1992). For the forgoing reasons, to the extent Plaintiff is alleging official-capacity claims, Defendants' Motion for Summary Judgment, ECF No. 34, should be **GRANTED** on those claims.

### B.  Individual Capacity Claims

Plaintiff has made the individual-capacity claim that he was denied medical care.[1] In order to state a claim against an individual official under 42 U.S.C. § 1983, Plaintiff must prove: (1) that the official's conduct subjected him to a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States; and (2) that the official's actions were taken "under color of law." *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Jennings v. Davis*, 476 F.2d

---

[1] Plaintiff also states in his Complaint, ECF No. 1, that $50.00 was to be deposited into his inmate account by money order, but it was never credited to his account. It is well settled that a prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property so long as the State provides some sort of post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984). Plaintiff can pursue compensation for his lost personal property by filing a conversion action against Defendants in state court. Thus, Plaintiff's personal property claim must be dismissed, with prejudice, because has a post-deprivation remedy available to him in State court. *See Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision) (holding that a detainee could not bring a § 1983 claim against county jail employees for seizure of personal property from his cell because he could bring a conversion action in state court); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001) (unpublished decision) (same); *Butler v. Smith*, Case No. 00-1331, 2000 WL 268505 (8th Cir. Mar. 13, 2000) (unpublished decision) (same).

1271, 1276 (8th Cir. 1973). Under section 1983, "[a] person 'subjects' another to the deprivation of a constitutional right . . . if he does an affirmative act, or omits to perform an act which he is legally required to do that caused the deprivation of which [the] complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). For a defendant to be held liable under § 1983, he or she must have personally participated in, or had some responsibility for, the particular act which deprived the plaintiff of a constitutionally protected right. *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

In order to establish an inadequate medical care claim, a detainee must demonstrate that: (1) he had an objectively serious medical need; and (2) prison officials actually knew of and deliberately disregarded that serious medical need. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). The Eighth Circuit has applied the same deliberate indifference standard to inadequate medical care claims based on either the Fourteenth or Eighth Amendment. *See Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).

Plaintiff's main contention in the above-styled case appears to be that he was not seen by a doctor, but was rather evaluated by a nurse. Moreover, Plaintiff appears to assert that the nurse was not able to change his medications to adequately manage his pain, depriving him of adequate medical care. First, the Court notes that Plaintiff has not come forward with any evidence that Defendants Waterdown or Cupp were responsible for his medical care. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (to succeed on a medical indifference claim, the claim must be brought against the individual directly responsible for the inmate's medical care). As a result, Plaintiff has failed to create any genuine question of material fact regarding his medical treatment as to Defendants Waterdown and Cupp.

Defendant Cupp is not liable under Section 1983 for simply responding to Plaintiff's grievances regarding his pain. Although Plaintiff may have not been pleased with Defendant Cupp's responses, such conduct alone is insufficient to establish liability under Section 1983. The United States Court of Appeals for the Eighth Circuit has held that a prison official's denial of grievances is insufficient to impose liability under § 1983. *See Rowe v. Norris*, 198 Fed. Appx. 579, * 1 (8th Cir.2006)(unpublished)(per curiam). Plaintiff states in his Complaint that Cupp cancelled an appointment which was set-up for him with an out-of-facility doctor, however, Cupp responded at the time that the doctor had cancelled the appointment and Plaintiff has not disputed that fact at the summary judgment stage. ECF No. 43.

Moreover, although Plaintiff claims that Defendant Cupp knew of his condition through sick calls and grievances, and that Defendant Waterdown was present when he injured his back, but neither did anything regarding the treatment of his pain; Plaintiff does not provide any evidence that Defendants Cupp and Waterdown, neither of whom are physicians, were directly responsible for any treatment decisions. *See Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) ("Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment or by prison doctors who fail to respond to prisoner's serious medical needs.")

Therefore, the Court turns to Plaintiff's claims against the jail nurse. There is nothing in the record to support a finding that the medical care was "so inappropriate as to evidence intentional maltreatment." *Jolly v. Knudsen*, 205 F.3d 1094, 1097 (8th Cir. 2000) (internal quotation marks and citation omitted). Plaintiff has submitted no evidence that he told the nurse about his continued pain, rather he appears to have continued to submit grievances to the detention center administration,

7

rather than medical requests to the medical staff.

Even so, the undisputed record reflects that Plaintiff was evaluated by the medical staff at the Crawford County Detention Center, and was continually placed on medication for the treatment of pain from October of 2008 through February of 2009. Plaintiff's complaints are with the treatment given to him, and the fact it was provided by a nurse rather than a medical doctor, not that he was denied any treatment. Disagreement with medical treatment decisions is not sufficient to state a claim pursuant to Section 1983. *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir.1990).

Mere allegation on part of prisoner, unsupported by medical evidence, as to treatment he allegedly required is not sufficient to prevent entry of summary judgment in Section 1983 action arising from prison officials' failure to provide him with such treatment. *Crooks v. Nix*, 872 F.2d 800 (8th Cir.1989). Plaintiff has placed no evidence on the record, nor has he alleged that he required a treatment different than the one provided to him. In fact, Plaintiff, although no longer incarcerated in the Crawford County Detention Center, states he still suffers from the same or similar pain. When an inmate alleges that a delay in receiving medical care amounts to a constitutional violation, the inmate must allege and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay. *See Coleman v. Rhaja*, 114 F.3d 778, 784 (8th Cir.1997). Plaintiff has made no such allegation or placement of medical evidence into the record.[2]

## IV. Conclusion

Construing Plaintiff's pleadings as broadly as possible, and drawing all inferences in favor of

---

[2] Plaintiff has stated that he was unable to obtain his medical records from Crawford County through a Freedom of Information Act request. *See* ECF No. 42. However, Plaintiff makes no allegation that the medical records as submitted by Defendants, ECF No. 34, are not accurate. Moreover, Plaintiff was given a copy of the records subpoenaed on his behalf from the Arkansas Department of Correction. *See* ECF No. 20. There is no indication Plaintiff ever sought his Crawford County records from Defendants via discovery, although he was advised he could do so by the Court. *Id.*

8

the Plaintiff, the Court finds, as a matter of law, that there is no genuine issue of material fact regarding Plaintiff's claims.  Accordingly, it is the Report and Recommendation of the undersigned that the Motion for Summary Judgment, ECF No.  34, be **GRANTED** in its entirety.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636 (b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **26th day of August 2011.**

/s/ *J.  Marschewski*
HON.  JAMES R.  MARSCHEWSKI
CHIEF U.S. MAGISTRATE JUDGE