IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**LEAMON THOMAS**                                                                                       **PLAINTIFF**

v.                                            CASE No.: 08-2138

**LT. CUPP** *et al.*                                                                                   **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

    Leamon Henry Thomas, an inmate of the Arkansas Department of Correction in the Randall L. Woods Correctional Facility in Pine Bluff, Arkansas, filed this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, referred this case to the undersigned for the purpose of making a report and recommendation. Now before the Court is the Motion to Dismiss, ECF No. 41, filed by the Defendants.

    Defendants move to dismiss this case based on Plaintiff's purported refusal to respond in a timely manner to the questionnaire propounded by the Court to serve as Plaintiff's response to the Motion for Summary Judgment. *Id.* Defendants filed their Motion for Summary Judgment on October 20, 2010. ECF No. 34. On October 21, 2010, Plaintiff was sent a Notice by the Court. ECF No. 38. The purpose of this Notice was to inquire as to whether Plaintiff would respond to the Defendants' Motion for Summary Judgment on his own, or if he would prefer the assistance of the Court. *Id.* Plaintiff returned the Notice on November 2, 2010, stating he would prefer the assistance of the Court. ECF No. 38.

    Accordingly, on July 12, 2011, this Court sent to Plaintiff a questionnaire to serve has his response to the Motion for Summary Judgment. ECF No. 40. The questionnaire was due on August 9, 2011. *Id.* Plaintiff's response was filed on August 11, 2011. ECF No. 42. Plaintiff filed what

has been docketed as a "Notice," ECF No. 43, wherein he states he placed the response in the mail on August 6, 2011. The envelope in which the response arrived to the Court was stamped "August 8, 2011."

In *Sulik v. Taney County, Missouri*, 316 F.3d 813, 815 (8th Cir. 2003), the United States Court of Appeals for the Eighth Circuit held that the prison mailbox rule applicable to filing notices of appeal [Fed.R.App.P. (c)(1) ], applies to the filing of *pro se* prisoner complaints pursuant to 42 U.S.C. § 1983. That Rule provides as follows:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

In extending the Rule to § 1983 filings, the Court stated,

> The pro se prisoner has no control over the processing of his complaint after he turns it over to prison authorities for mailing, the prisoner lacks legal counsel to institute and monitor the process, and the prison authorities have reason to delay the filing of lawsuits, especially those against prison officials. We thus join our sister circuits and hold the prison mailbox rule governs the determination of when a prisoner's civil complaint has been filed.

*Sulik*, 316 F.3d at 815. This mailbox rule has since been applied to an inmate's response to a summary judgment motion by courts in this district. *See Bunch v. Riley*, No. 06–5220, 2008 WL 4278174 (W.D. Ark. 2008).

Therefore, the undersigned finds that Plaintiff's placement of his discovery requests into the prison mail system on August 6, 2011, was a timely placement of the requests, within the meaning of the prison mailbox rule. It is the recommendation of the undersigned that the Motion to Dismiss,

ECF No. 41, be **DENIED**.

The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this 26th day of August 2011.

　　　　　　　　　　　　　　　　　　　　　/s/　 *J. Marschewski*
　　　　　　　　　　　　　　　　　　　　　HON. JAMES R. MARSCHEWSKI
　　　　　　　　　　　　　　　　　　　　　CHIEF U.S. MAGISTRATE JUDGE